Richard E Kamp
1095 Hilltop Drive #325
Redding, CA 96003
530-941-5121
Pro Se Plaintiff

**FILED**
JUN 10 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Richard E. Kamp,

    Plaintiff,

vs.

United States,

    Respondent.

Case No: 2:13-MC-0056 TLN CKD

**Petition To Quash Summons**

**Preamble**

Plaintiff complains of the Respondents as follows:

**Jurisdiction**

1. Plaintiff brings this action and moves the court to quash Internal Revenue Service (Hereinafter IRS) third party record keeper summonses.

2. On or about May 30, 2013, Plaintiff was given notice that IRS issued a third party record keeper summons to Members 1st Credit Union seeking detailed information about Plaintiff's account. (See Exhibits A, A-1 and Affidavit In Support Of Petition To Quash ¶ 5).

3. On or about May 30, 2013, Plaintiff was given notice that IRS issued a third party record keeper summons to Wells Fargo Bank seeking detailed information about Plaintiff's account.

(See Exhibits B, B-1 and Affidavit In Support Of Petition To Quash ¶ 6).

4. Members 1st Credit Union can be found at 1260 Pine Street, Redding, Shasta County, California, a place known to be located within the Eastern District of California.

5. Wells Fargo Bank can be found at 830 E. Cypress Ave., Redding, Shasta County, California, a place known to be located within the Eastern District of California.

6. Plaintiff resides at 880 Tanglewood Drive, Shasta County, California.

**The Parties**

7. Plaintiff is one of The People of California.

8. The IRS is a bureau of the United States Department of the Treasury.

9. The IRS issues summonses of the type complained of here under the authority of the United States.

**Statement of the Case**

10. On May 29, 2013, IRS Agent Landon Gustafson issued a third party record keeper summons to Members 1st Credit Union seeking access to the information shown on ATTACHMENT TO FORM 2039 (See Exhibits A, A-1 and Affidavit In Support Of Petition To Quash ¶ 5).

11. On May 29, 2013, IRS Agent Landon Gustafson issued a third party record keeper summons to Wells Fargo Bank seeking access to the information shown on ATTACHMENT TO FORM 2039 (See Exhibits B, B-1 and Affidavit In Support Of Petition To Quash ¶ 6).

12. Plaintiff does not engage in any taxable activity or privilege for which the Secretary of the Treasury may have authority to assess and collect a tax.

13. The Secretary of the Treasury has no valid information showing Plaintiff engaged in or engages in any taxable activity or privilege that would be subject to the secretary's authority to assess and collect a tax.

14. The Secretary of the Treasury cannot identify any law and its implementing regulation

that imposes a tax on any of Plaintiff's activities.

**15.** The Secretary of the Treasury cannot identify any law and its implementing regulation exposing Plaintiff to liability for any tax on his activities.

### COUNT I

**16.** The allegations of paragraphs 1-15 inclusive are repeated here.

**17.** The summons issued to third party record keeper Members 1st Credit Union does not purport to identify any taxable activity or privilege, if any such taxable activity or privilege exists, pertaining to Plaintiff.

**18.** The summons issued to third party record keeper Members 1st Credit Union does not purport to identify any tax, if any such tax exists, related to Plaintiff's activities.

**19.** The summons issued to third party record keeper Members 1st Credit Union does not purport to identify any relationship to any taxable activity, if any such relationship exists, to Plaintiff's personal account information with the record keeper.

**20.** Revenue Agent Gustafson served the third party record keeper summons on Members 1st Credit Union.

**21.** Revenue Agent Gustafson does not possess the requisite employment authority to serve the summons issued to third party record keeper Members 1st Credit Union.

**22.** Revenue Agent Gustafson cannot identify a valid internal revenue district, if such valid internal revenue district exists, pertaining to Plaintiff and/or his activities, if such taxable activities exist.

### COUNT II

**23.** The allegations of paragraphs 1-15 inclusive are repeated here.

**24.** The summons issued to third party record keeper Wells Fargo Bank does not purport to identify any taxable activity or privilege, if any such taxable activity or privilege exists, pertaining to Plaintiff.

**25.** The summons issued to third party record keeper Wells Fargo Bank does not purport to identify any tax, if any such tax exists, related to Plaintiff's activities.

**26.** The summons issued to third party record keeper Wells Fargo Bank does not purport to identify any relationship to any taxable activity, if any such relationship exists, to Plaintiff's personal account information with the record keeper.

**27.** Revenue Agent Gustafson served the third party record keeper summons on Wells Fargo Bank.

**28.** Revenue Agent Gustafson does not possess the requisite employment authority to serve the summons issued to third party record keeper Wells Fargo Bank.

**29.** Revenue Agent Gustafson cannot identify a valid internal revenue district, if such valid internal revenue district exists, pertaining to Plaintiff and/or his activities, if such taxable activities exist.

**WHERFORE, PREMISES CONSIDERED**, Plaintiff prays for an Order:

**1.** Quashing the IRS summons issued to Members 1st Credit Union or in the alternative, order discovery and an evidentiary hearing on the merits of the legitimacy of the summons;

**2.** Quashing the IRS summons issued to Wells Fargo Bank or in the alternative, order discovery and an evidentiary hearing on the merits of the legitimacy of the summons;

**3.** Enjoining and prohibiting Members 1st Credit Union from any disclosure of Plaintiff's summoned information as referenced on Exhibit A-1 for any time periods.

**4.** Enjoining and prohibiting Wells Fargo Bank from any disclosure of Plaintiff's summoned information as referenced on Exhibit B-1 for any time periods.

**5.** Granting Plaintiff recovery of his costs and fees relative to this case; and

**6.** Granting Plaintiff such other and further relief as the court deems just and proper.

Respectfully submitted,

Date:     June 10, 2013

_____
Richard E. Kamp, Plaintiff

Attachments:

Memorandum In Support Of Petition To Quash Summons (6 pages)

Affidavit In Support Of Petition To Quash Summons (3 pages)

Exhibit A:  Copy of Summons to Members 1st Credit Union (Redacted)

Exhibit A-1: ATTACHMENT TO FORM 2039 for Members 1st Credit Union (Redacted)

Exhibit B:  Copy of Summons to Wells Fargo Bank (Redacted)

Exhibit B-1:  ATTACHMENT TO FORM 2039 for Wells Fargo Bank (Redacted)

Exhibit C: Fax to Agent Gustafson (5 pages)