Richard E Kamp

1095 Hilltop Drive #325

Redding, CA 96003

530-941-5121

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Richard E. Kamp,

    Plaintiff,

vs.

United States,

    Respondent.

Case No: _____

**Memorandum In Support Of**

**Petition To Quash Summons**

**MEMORANDUM**

The IRS is empowered to "make the inquiries, determinations, and assessments of all taxes…imposed by this title…" "The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes…imposed by this title…which have not been duly paid by stamp at the time and in the manner provided by law…" (26 USC § 6201(a)). In exercising the power to "make the inquiries" "of all taxes imposed" by Title 26, the IRS is authorized to issue summonses of the type complained of here to acquire information relevant to an IRS investigation. *Id.* § 7602(a). IRS summons power is construed broadly. <u>STEWART v. U.S.</u>, 511 F.3d 1251, 1254 (citations omitted).

Memorandum In Support Of Petition To Quash - 1

The United States Supreme Court noted in <u>UNITED STATES v. ARTHUR YOUNG &</u>
<u>CO.</u>, 465 U.S. 805, 816:

> "[T]his Court has consistently construed congressional intent to
> require that if the summons authority claimed is necessary for the
> effective performance of congressionally imposed responsibilities
> to enforce the tax Code, that authority should be upheld absent
> express statutory prohibition or substantial countervailing policies."

The court, quoting <u>United States v. Euge</u>, 444 U.S. 707, 711, further said:

> "While § 7602 is "subject to the traditional privileges and
> limitations," <u>id.</u>, at 714, any other restrictions upon the IRS
> summons power should be avoided "absent unambiguous
> directions from Congress." (citation omitted).

Thus, the Supreme Court recognizes that the broad IRS summons power is "necessary for the effective performance of congressionally imposed responsibilities to enforce the tax code" but not so broad as to exceed the "unambiguous directions of congress". <u>id.</u>

For the following reasons the IRS summonses complained of here exceed the unambiguous authority from Congress and should be quashed.

I

**IRS cannot identify any valid internal revenue district applicable to**
**Plaintiff's activities or privileges, if such activities or privileges exist.**

IRS summons authority exists in a special place and that place is an internal revenue district. Section 7601 provides:

> (a) General rule — The Secretary shall, to the extent he deems it
> practicable, cause officers or employees of the Treasury
> Department to proceed, from time to time, through each

internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed. (26 USC § 7601(a)).

Thus the unambiguous intent of Congress is for IRS summons power to be exercised in an internal revenue district and then concerning "persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed." *id*.

By letter dated and faxed on June 4, 2013, Plaintiff asked the IRS to identify a valid internal revenue district applicable to any asserted activities or privileges pertaining to Plaintiff (See Exhibit C and attached Affidavit In Support ¶ 8). To date, Plaintiff has not received any reply from IRS (See Affidavit In Support ¶ 9). IRS silence on the issue means acquiescence or fraud if there is a duty to respond (maxim of law). Thus, IRS cannot identify any valid internal revenue district pertaining to Plaintiff's activities or privileges, if such activities or privileges exist. On this basis alone IRS has exceeded the unambiguous directions of Congress with respect to summons authority within internal revenue districts and thus the summonses complained of here must be quashed.

II

**IRS cannot identify any valid internal revenue tax applicable to Plaintiff's activities or privileges, if such activities or privileges exist.**

The IRS summons power granted by Congress in combination with the authority to make inquiries is specific to the taxes imposed by Title 26 USC and then only with respect to those taxes that have "not been duly paid by stamp". Section 6201 *supra*.

By letter dated and faxed June 4, 2013, Plaintiff asked the IRS to identify a valid internal

revenue tax applicable to any asserted activities or privileges pertaining to Plaintiff (See Exhibit C and attached Affidavit In Support ¶ 8). To date, Plaintiff has not received any reply from IRS. (See Affidavit In Support ¶ 9). IRS silence on the issue means acquiescence or fraud if there is a duty to respond (maxim of law).

Thus, IRS cannot identify any valid internal revenue tax paid by stamp pertaining to Plaintiff's activities or privileges, if such activities or privileges exist. On this basis alone IRS has exceeded the unambiguous directions of Congress with respect to inquiries regarding taxes paid by stamp imposed by Title 26 USC. Thus, the summonses complained of here must be quashed.

## III

**The IRS agent issuing the summonses complained of here is not charged with the job duties necessary to have authority to serve the summonses.**

The broad power possessed by the IRS to issue summonses is augmented by the authority to serve summonses as unambiguously directed by congress at section 7608. Section 7608 provides in pertinent part:

> "(a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms — Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible may —...
> 
> (2) execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the

United States;

...

(b) Enforcement of laws relating to internal revenue other than subtitle E (1) Any criminal investigator of the Intelligence Division of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2). (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are — (A) to execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States; ..." (Title 26 U.S.C. § 7608).

Thus Congress has distinguished the issuance of a summons and the service of a summons by unambiguously directing that only IRS employees with the job duties of sections 7608(a) and (b) are authorized to serve summonses issued under authority of the United States.

By letter dated and faxed on June 4, 2013, Plaintiff asked Revenue Agent Gustafson to identify her job duties consistent with the provisions of section 7608 (See Exhibit C and attached Affidavit In Support ¶ 8). To date Plaintiff has not received any reply from Revenue Agent Gustafson (See Exhibit C and attached Affidavit In Support ¶ 9). Revenue Agent Gustafson's silence on the issue means acquiescence or fraud if there is a duty to respond (maxim of law).

Revenue Agent Gustafson cannot identify her job duties sufficient to show authority under the law to serve the summonses complained of here. On this basis alone IRS has exceeded the unambiguous directions of Congress with respect to service of the summonses. Thus the summonses must be quashed as a matter of law.

### Conclusion

IRS summons authority in combination with authority to make inquiries, determinations and assessments exists within an internal revenue district and is specific to the stamp taxes imposed by Title 26 USC and then only to those stamp taxes not duly paid. IRS has failed or refused to identify any valid internal revenue district or internal revenue stamp tax applicable to Plaintiff's activities or privileges, if such activities or privileges exist. Additionally, IRS summonses must be served by an agent with job duties matching those unambiguously expressed by Congress. They were not so served. There is no rational lawful basis for the summonses at issue. Thus the summonses complained of exceed lawful authority and serve only to harass the Plaintiff. The summonses must be quashed as a matter of law.

Richard E Kamp

1095 Hilltop Drive #325

Redding, California 96003

530-941-5121

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Richard E. Kamp,

    Plaintiff,

vs.

United States,

    Respondents.

Case No: _____

**AFFIDAVIT IN SUPPORT OF**

**PETITION TO QUASH SUMMONS**

**AFFIDAVIT**

I, Richard E. Kamp, the undersigned Affiant being duly sworn, depose and say the following:

1. I am domiciled at 880 Tanglewood Drive, Redding, Shasta County, California;
2. I receive my mail at 1095 Hilltop Drive #325, Redding, Shasta County California;
3. I have a personal bank account with Wells Fargo Bank;
4. I do not have any accounts with Members 1st Credit Union;
5. On or about May 30, 2013, I received notice that Members 1st Credit Union was issued an Internal Revenue Service (IRS) Summons requesting detailed private information about my personal account. A true and complete copy of the notice and summoned information is

attached hereto as Exhibits A and A-1;

6. On or about May 30, 2013, I received notice that Wells Fargo Bank was issued an Internal Revenue Service (IRS) Summons requesting detailed private information about my personal account. A true and complete copy of the notice and summoned information is attached hereto as Exhibits B and B-1;

7. As of the date of this Affidavit, I have not received written communication from neither Members 1st Credit Union nor Wells Fargo Bank indicating they have received the summons and that they will or will not comply with it;

8. On June 4, 2013, I delivered by fax to Revenue Agent Gustafson at 855-243-3982 a list of pertinent questions intended to ascertain the bounds of Revenue Agent Gustafson's authority for issuing/serving the summons. A true and correct copy of my list of questions is attached hereto as Exhibit C;

9. As of the date of this Affidavit, I have not received a response from Revenue Agent Gustafson to my list of pertinent questions;

10. I deny participating in any activity or privilege taxed by the United States Congress;

11. I deny being an "employee" as defined under 26 USC §3401(c) and 26 CFR §31.3401(c)-1;

12. I deny that any sources of my income were or are "effectively connected with a trade or business in the United States" as required by 26 CFR §1.861-8(f)(1)(iv);

13. I deny giving my consent to the United States to examine my private personal affairs;

14. I deny giving my consent to the United States to subject me to any taxing scheme whereby my consent is required before the United States can proceed;

Further, Affiant says nothing.

I certify under penalty of perjury that the foregoing is true and correct.

Affiant: _____     Executed on: June 10, 2013

**JURAT**

State of California

County of Shasta

Subscribed and sworn to (or affirmed) before me on this 10th day of June, 2013, by Richard E. Kamp, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

M. BALDWIN
Commission # 1950253
Notary Public - California
Shasta County
My Comm. Expires Aug 29, 2015

Notary Public Signature          Notary Public Seal



# Summons

**EXHIBIT A**

In the matter of Richard Kamp (___-5618) and Rebecca Kamp (___-4085)
Internal Revenue Service (Division): Small Business and Self Employed
Industry/Area (name or number): Examination Area 7
Periods: Individual Income Tax Return Form 1040 for the calendar year ending December 31, 2010 and December 31, 2

### The Commissioner of Internal Revenue

**To:** Members 1st Credit Union

**At:** Post Office Box 492395, Redding, California 96049

You are hereby summoned and required to appear before Landon Gustafson an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment to summons dated May 29, 2013

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
850 Industrial Street, Suite 300, Redding, California 96002    530-722-1259

**Place and time for appearance at** 850 Industrial Street, Suite 300, Redding, California 96002

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the 19th day of June 2013 at 12:00 o'clock p m.
Issued under authority of the Internal Revenue Code this 29th day of May, 2013.

Signature of issuing officer — Revenue Agent (1000668514) — Title
Signature of approving officer (if applicable) — Acting Manager (1000534544) — Title

**Part C — to be given to noticee**

ATTACHMENT TO FORM 2039
Members 1st Credit Union
Issued May 29, 2013

Signature cards for all accounts (checking, savings, and/or time deposits) held by or on behalf of or for the benefit of Richard Kamp (███████5618) and/or Rebecca Kamp (███████-4085), which were open during the period covering January 1, 2010 through December 31, 2011.

Bank Statements for all accounts held by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp in your possession, custody, or control which reflect transactions in any accounts, including Private Bank transactions, to include but not limited to checking, savings and/or time deposit accounts for the period covering January 1, 2010 through December 31, 2011. This request is for all bank accounts of Richard Kamp and/or Rebecca Kamp including but not limited to:

All deposit slips, deposited items, ATM deposits and credit memos credited to any accounts including but not limited to checking, savings, Private Bank accounts and/or time deposit accounts, held by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp for the period of January 1, 2010 through December 31, 2011.

All cancelled checks, debit memos and withdrawal slips for any accounts including but not limited to checking, savings, Private Bank accounts and/or time deposit accounts held by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp during the period January 1, 2010 through December 31, 2011.

All cashiers checks, certified checks or money orders purchased by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp for the periods of January 1, 2010 through December 31, 2002, include offsets and copies of both sides of the instrument used to purchase the check.

***If possible, please provide all documentation requested on CD in lieu of making copies of checks, statements and/or deposit details***

Please contact the issuing officer, Landon Gustafson, immediately by telephone if you expect the cost of complying with the summons to exceed $1,000 using the statutory reimbursement rates.

In lieu of a personal appearance as stated on the summons, you may mail the summoned documents to: Internal Revenue Service
850 Industrial St., Ste 300
Redding, CA 96002

Attn: Landon Gustafson, Internal Revenue Agent



**EXHIBIT B**

# Summons

In the matter of  Richard Kamp (▇▇▇-▇▇-5618) and Rebecca Kamp (▇▇▇-▇▇-4085)
Internal Revenue Service (Division): Small Business and Self Employed
Industry/Area (name or number): Examination Area 7
Periods: Individual Income Tax Return Form 1040 for the calendar year ending December 31, 2010 and December 31, 2

### The Commissioner of Internal Revenue

**To:** Wells Fargo Bank  Attention: Legal Order Processing
**At:** MAC: Y1372-110, Post Office Box 8667, Philadelphia, Pennsylvania 19101-8667

You are hereby summoned and required to appear before Landon Gustafson
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment to summons dated May 29, 2013.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
850 Industrial Street, Suite 300, Redding, California 96002   530-722-1259

**Place and time for appearance at** 850 Industrial Street, Suite 300, Redding, California 96002

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the  19th  day of  June  2013  at  12:00  o'clock  p  m.
Issued under authority of the Internal Revenue Code this  29th  day of  May , 2013.

Signature of issuing officer — Revenue Agent (1000668514)  Title
Signature of approving officer (if applicable) — Acting Manager (1000534544)  Title

**Part C — to be given to noticee**

ATTACHMENT TO FORM 2039
Wells Fargo Bank
Issued May 29, 2013

Signature cards for all accounts (checking, savings, and/or time deposits) held by or on behalf of or for the benefit of Richard Kamp (■■■-5618) and/or Rebecca Kamp (■■■-4085), which were open during the period covering January 1, 2010 through December 31, 2011.

Bank Statements for all accounts held by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp in your possession, custody, or control which reflect transactions in any accounts, including Private Bank transactions, to include but not limited to checking, savings and/or time deposit accounts for the period covering January 1, 2010 through December 31, 2011. This request is for all bank accounts of Richard Kamp and/or Rebecca Kamp including but not limited to:

All deposit slips, deposited items, ATM deposits and credit memos credited to any accounts including but not limited to checking, savings, Private Bank accounts and/or time deposit accounts, held by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp for the period of January 1, 2010 through December 31, 2011.

All cancelled checks, debit memos and withdrawal slips for any accounts including but not limited to checking, savings, Private Bank accounts and/or time deposit accounts held by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp during the period January 1, 2010 through December 31, 2011.

All cashiers checks, certified checks or money orders purchased by or on behalf of, or for the benefit of Richard Kamp and/or Rebecca Kamp for the periods of January 1, 2010 through December 31, 2002, include offsets and copies of both sides of the instrument used to purchase the check.

***If possible, please provide all documentation requested on CD in lieu of making copies of checks, statements and/or deposit details***

Please contact the issuing officer, Landon Gustafson, immediately by telephone if you expect the cost of complying with the summons to exceed $1,000 using the statutory reimbursement rates.

In lieu of a personal appearance as stated on the summons, you may mail the summoned documents to: Internal Revenue Service
850 Industrial St., Ste 300
Redding, CA 96002

Attn: Landon Gustafson, Internal Revenue Agent

# Memo

6/4/2013

| | |
|---|---|
| From: | Rick Kamp |
| Phone: | 530-941-5121 or 530-222-0881 |
| Fax: | 831-855-3700 |
| Company Name: | |

PAGES TO FOLLOW: 4

| | |
|---|---|
| To: | Landon Gustafson |
| Phone: | 530-722-1259 |
| Fax: | 855-243-3982 |
| Company Name: | IRS |
| Regarding: | **IRS Summons** |

**Comments:**

Landon,

In an effort to establish some basic facts regarding a number of issues relative to the recent summonses you issued, please complete the attached questionnaire and return it to me by this Friday, June 7th.

It can be faxed to me at 855-831-3700

Sincerely,

Rick Kamp

---

TRANSMISSION VERIFICATION REPORT

```
TIME    : 06/04/2013 16:03
NAME    :
FAX     :
TEL     :
SER.#   : G8N367083
```

```
DATE,TIME         06/04 15:59
FAX NO./NAME      18552433982
DURATION          00:01:28
PAGE(S)           05
RESULT            OK
MODE              FINE
                  ECM
```

1095 Hilltop Drive #325 - Redding, CA 96003

## The Liability Issue

The Secretary is authorized to, among other things, summons a person to determine their liability for any "internal revenue tax"( §7602). Because the Secretary is authorized to assess the "taxes imposed by this title"( §6201) there must be a law, <u>as promulgated in the Federal Register,</u> making an activity taxable, a person liable for the tax and one allowing the Secretary to assess the tax. There must a lawful showing during a summons proceeding as to the taxable activity or privilege asserted by IRS to justify their summons.

So I ask you:

1. What taxable activity or privilege do you assert that I participated in?


2. Please identify the law that makes the specific activity or privilege identified in number 1 above taxable for revenue purposes.

    a. Statute At Large: _____

    b. Statute's Implementing Regulation: 26 CFR _____

    c. Publication of the above Regulation in the Federal Register:

        Volume _____ Page Number_____ Date _____

3. Please identify the law that makes me liable for the tax on the specific activity or privilege identified in number 2 above.

    a. Statute At Large: _____

    b. Statute's Implementing Regulation: 26 CFR _____

    c. Publication of the above Regulation in the Federal Register:

        Volume _____ Page Number_____ Date _____

4. Please identify the law that requires me to file an Individual Income Tax Return Form 1040 or any other form for the activity you allege is a taxable one.

    a. Statute At Large: _____

    b. Statute's Implementing Regulation: 26 CFR _____

    c. Publication of the above Regulation in the Federal Register:

        Volume _____ Page Number_____ Date _____

Generally, a summons issued under the authority of §7602 shall be served by the "Secretary"( see §7603(a)).

Section 7608 provides, among other things not relevant here, for the authority of *specific* IRS employees to "serve" a summons. This authority is in turn specific to a summons issued under the authority of the United States. The specific employees are described in §7608(a) and (b)(1).

### 26 USC § 7608 - Authority of internal revenue enforcement officers

**(a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms**
Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible may—

(2) execute and serve search warrants and arrest warrants, and serve subpoenas and <u>summonses issued</u> under authority of the United States;

**(b) Enforcement of laws relating to internal revenue other than subtitle E**
(1) <u>Any criminal investigator of the Intelligence Division</u> of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).

The following questions relate to aforementioned sections. These questions track the language of the code closely.

5. In the performance of your duties as an Internal Revenue Service employee, has the Secretary charged you with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of Title 26 U.S.C. Subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible?

    _____ Yes        _____ No

6. In the performance of your duties as an Internal Revenue Service employee do you perform any of the functions of a criminal investigator of the Intelligence Division of the Internal Revenue Service for which the Secretary is charged with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service?

    _____ Yes        _____ No

7. What is the name, address, ID number and title of the person who served the summons?

8. Has the Secretary charged the person mentioned in #5 above with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of Title 26 U.S.C. Subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible?

   _____ Yes          _____ No

9. Does the person mentioned in #5 above perform any of the functions of a criminal investigator of the Intelligence Division of the Internal Revenue Service for which the Secretary is charged with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service?

   _____ Yes          _____ No          **EXHIBIT C, page 4 of 5**

10. How was the summons served on the third parties?

Finally, §7601 provides for the canvassing of internal revenue districts by the Secretary for those who may be liable for internal revenue tax.

> **26 USC § 7601 - Canvass of districts for taxable persons and objects**
> **(a) General rule**
> The Secretary shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.

**All of the implementing regulations for 26 U.S.C. Section 7602 are associated with Title 27, which is the Bureau of Alcohol, Tobacco, and Firearms.** Below is a list of the related parallel authorities for this section, ALL of which are related to Alcohol, Tobacco, and Firearms and NONE of which relate in any way with the individual income tax found in 26 U.S.C. Subtitle A:

- 27 CFR part 70
- 27 CFR part 170
- 27 CFR part 296

So then:

11. Please identify the internal revenue district and district director pertaining to me for which you purport to be exercising IRS summons power.

12. Please identify any taxable Bureau of Alcohol, Tobacco, and Firearms and Explosives activity or privilege that you have reason to believe I participate in.

**EXHIBIT C, page 5 of 5**