KATHRYN KENEALLY
Assistant Attorney General

RICHARD A. SCHWARTZ
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 683, Ben Franklin Station
Washington, DC 20044
Tel:    202-307-6322
Fax:    202-307-0054
Richard.A.Schwartz@usdoj.gov

BENJAMIN B. WAGNER
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. KAMP,<br><br>       Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | No. 2:13-mc-0056-TLN-CKD<br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITION TO QUASH SUMMONSES |

The United States of America ("United States"), through undersigned, pursuant to FED. R. CIV. P. 12(b)(6), respectfully moves for entry of an Order dismissing the above-titled action because Petitioner failed to state a claim for which relief may be granted. In support thereof, the United States offers the points and authorities cited below and the Declaration of Revenue Agent Landon Gustafson ("Gustafson Decl."), who issued the challenged summonses.

//

# INTRODUCTION

Sections 7602 through 7609 of the Internal Revenue Code govern the procedure applicable to the issuance, compliance, enforcement, and challenges of summonses. Section 7602 grants broad authority to officers of the Internal Revenue Service ("Service") for summonses issued as part of an examination of tax liability. *See United States v. Euge*, 444 U.S. 707, 714 (1980); *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). Section 7609 sets forth both the procedures and rights applicable to one category of summonses – third-party summonses. A person entitled to receive notice of a third-party summons may bring a petition to quash the summons under 26 U.S.C. § 7609.

Congress enacted the "proceeding to quash" procedure in 1982 as part of the Tax Equity and Fiscal Responsibility Act (TEFRA). *See* S. Rep. No. 97-494, vol. 1, at 282, reprinted in 1982 U.S.C.C.A.N. 781, 1027. Congress limited the cause of action to ensure that taxpayers could only interfere with the Service's audits and examinations based on proper grounds. *Id*. Congress sought to thwart the sort of frivolous actions that resulted in fruitless delays, as had frequently been the case before the passage of TEFRA.

Here, Richard E. Kamp ("Petitioner") filed a petition to quash administrative summonses issued by the Service to two third-parties: Members 1st Credit Union and Wells Fargo Bank. Petitioner recited several grounds for quashing the summonses. Petitioner, however, failed to adhere to the prerequisite conditions for invoking § 7609's waiver of the United States' sovereign immunity. Additionally, Petitioner offered only unsupported, wholly

conclusory allegations.  Petitioner has failed to show any good cause for granting the extraordinary relief that Petitioner seeks.

## FACTUAL BACKGROUND

Revenue Agent Landon Gustafson is conducting an examination for the purpose of determining the correct federal tax liabilities of Petitioner and his wife for the 2010 and 2011 tax years.  Declaration of Revenue Agent Landon Gustafson ("Gustafson Decl.") ¶ 3. Agent Gustafson's preliminary examination indicates that Petitioner and his wife failed to file federal income tax returns (Form 1040) for the 2010 and 2011 tax years, even though they had reportable income.  *Id.* at ¶ 4.  Revenue Agent Gustafson corresponded with Petitioner, seeking to obtain information regarding Petitioner's tax liabilities for the 2010 and 2011 period.  *Id.* at ¶ 11. Petitioner failed to produce most of the requested documents, including bank records, and instead sent letters advancing various arguments as to why he should not be subject to taxation. *Id.* at ¶ 12, Exhibit B. Petitioner claimed, *inter alia*, that "the OMB Control Number on Form 1040 is not a valid number" that "[t]herefore, Form 1040[] is in direct violation of the Paperwork Reduction Act of 1980 as it fails to display a valid OMB Control Number," and that "the Regulations attached to the Form 1040 … do not address any taxable activity in which I am involved in any way, manner, shape or form."  *Id.*

On May 29, 2013, in furtherance of the examination and in accordance with 26 U.S.C. § 7602, Revenue Agent Gustafson issued Internal Revenue Service third-party summonses to Members 1st Credit Union and Wells Fargo Bank to produce for examination the books, papers, records, or other data as described in said summonses.  *Id.* at ¶¶ 14, 15.  Because Wells

3

Fargo Bank and Members 1st Credit Union are third-party record-keepers under 26 U.S.C. § 7603(b)(2)(A), the Revenue Agent served the third-party summonses issued to Wells Fargo Bank by certified mail. *Id*. When the summonses were issued, the Service did not possess the materials requested, which may be relevant to the Service's examination. Gustafson Decl. ¶ 16-17. As of the August 8, 2013, the Service still has not received any response from either Wells Fargo Bank or Members 1st Credit Union. *Id*. at ¶ 19. All administrative steps required by the Internal Revenue Code have been taken. *Id*. at ¶ 21.  As of the date of Revenue Agent Gustafson's Declaration, no Department of Justice referral, as described in 26 U.S.C. § 7602(d)(2), is in effect with respect to Petitioner.  *Id*. at 22.

As required by 26 U.S.C. § 7609, Revenue Agent Gustafson served copies of the summonses on Petitioner by certified mail. Gustafson Decl. ¶ 18, Exhibit E. Prior to serving copies of the summonses on Petitioner, Revenue Agent Gustafson informed Petitioner of the possibility that the Service would make contact with third parties in connection with the examination. Gustafson Decl. ¶ 11. Neither Wells Fargo Bank nor Members 1st Credit Union has raised any objection to the summonses. Petitioner, on the other hand, has objected and now asks this court to quash the summonses. Petitioner's request should be rejected for the reasons described below.

## ARGUMENT

**1.    The Court Should Dismiss The Petition Under F‌ED. R. C‌IV. P. 12(B)(6).**

The Secretary of the Treasury and the Commissioner of the Internal Revenue Service are charged with administering and enforcing the internal revenue laws. 26 U.S.C. §§ 7801-

7803. In order to facilitate the execution of these duties, 26 U.S.C. § 7602 grants the Secretary broad information-gathering authority. *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (stating that the Service's investigative powers under 26 U.S.C. § 7602 extend to documents which are even potentially relevant). Specifically, 26 U.S.C. § 7602(a) authorizes the Secretary to examine books, papers, records, or other data, to issue summonses, and to take testimony for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." *See, e.g., United States v. Euge*, 444 U.S. 707, 710-11 (1980).

In *United States v. Powell*, the Supreme Court held that district courts must enforce summonses upon a showing of "good faith." 379 U.S. 48, 56-58 (1964); *United States v. Stuart*, 489 U.S. 353, 359 (1989); *Fortney v. United States*, 59 F.3d 117, 119-20 (9th Cir. 1995) (applying the *Powell* good faith test to both motions to dismiss petitions to quash and petitions to enforce summonses); *Ponsford v. United States*, 771 F.2d 1305, 1307 (9th Cir. 1985). Under *Powell*, the United States establishes its *prima facie* case by showing that: (1) the Service issued the summons for a legitimate purpose; (2) the Service sought information relevant to that purpose; (3) the Service did not already possess the information; and (4) the Service satisfied all required administrative steps. *See Stuart*, 489 U.S. at 359 (*quoting Powell*, 379 U.S. at 57-58).

Courts regard the United States' burden as "slight," and met by introducing a revenue agent's sworn declaration. *See Fortney*, 59 F.3d at 120; *see also Stuart*, 489 U.S. at 360; *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999). Courts make the burden "slight" to avoid "unduly restrict[ing]" the Service's powers. *See Lewis v. United States*, 2012 WL 1197784 at *3 (E.D. Cal. Apr. 10, 2012) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *Liberty Fin. Serv., v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)); *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15 (1984).

Here, the attached Declaration of Landon Gustafson provides ample evidence of the United States' good faith. Following the United States' *prima facie* case for enforcing the summons, a presumption arises in favor of summons enforcement. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir. 2008) (citing *Fortney*, 59 F.3d at 120). The summonses challenged in the Petition meets all four of the *Powell* requirements. In addition to the *Powell* requirements, a summons must also satisfy the statutory requirement that no "Justice Department referral" be in effect with respect to the taxpayer(s) whose records are summoned. 26 U.S.C. § 7602(d). As no such referral is in effect with respect to Petitioner, this requirement is also met. Gustafson Decl. ¶ 22.

    (a)  Legitimate Purpose.

Revenue Agent Gustafson issued the summonses in question as part of an examination to determine Petitioner' correct income tax liability for the 2010 and 2011 tax years. Gustafson Decl. ¶ 13, 14, 15, 17. The Internal Revenue Code specifically authorizes the Secretary to issue summonses for the purpose of "determining the liability of any person for any internal revenue

6

tax." 26 U.S.C. §7602(a). Revenue Agent Gustafson issued the summonses to Wells Fargo Bank and Members 1st Credit Union in an effort to gather information concerning Petitioner' income and expenses during 2010 and 2011, which has a direct impact on determining the amount of federal income tax that they owed in those years. *See Holland v. United States*, 348 U.S. 121 (1954) (the Commissioner is authorized to reconstruct the taxpayer's income through indirect methods of proof where the taxpayer refuses to produce adequate books and records). One method for reconstructing income in the absence of direct evidence is the bank deposit method, wherein a Revenue Officer or Agent reconstructs the taxpayer's income by examining amounts deposited into a taxpayer's bank accounts. *See DiLeo v. Commissioner*, 96 T.C. 858, 867 (1991), *aff'd* 959 F.2d 16 (2d Cir. 1992). Therefore, the purpose for the summonses falls squarely within the statutory authority of the Secretary to issue summonses.

Petitioner disputes that the summonses were issued for a legitimate purpose on the grounds that the summonses "do[] not purport to identify any taxable activity," "do[] not purport to identify any tax, if any such tax exists, related to [Petitioner's] activities," and "do[] not purport to identify any relationship to any taxable activity" pertaining to Petitioner. (*See* Dkt. No. 1, ¶¶ 17, 18, 19, 24, 25, 26.) In addition, Petitioner contends that "Revenue Agent Gustafson does not possess the requisite employment authority to serve the summons[es]" and that "Revenue Agent Gustafson cannot identify a valid internal revenue district, if such revenue district exists." (*Id*. at ¶¶ 21, 22, 28, 29.) Essentially, Petitioner argues that he is not subject to taxation.

Petitioner's Petition is based on frivolous arguments that have been rejected by every Court to have heard these claims. Despite Petitioner's contention that "[t]he Secretary of Treasury has no valid information showing [Petitioner] engaged in or engages in any taxable activity or privilege that would be subject to the secretary's authority to assess and collect a tax," (Dkt. No. 1, ¶ 13), income from whatever source is taxable. *See* 26 U.S.C. § 61 (including in gross income "all income from whatever source derived"); *see Commissioner v. Kowalski*, 434 U.S. 77 (1977); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429-30 (1955); *United States v. Sloan*, 939 F.2d 499, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992) (in rejecting the taxpayer's argument that the revenue laws of the United States do not impose a tax on income, the court recognized the "Internal Revenue Code imposes a tax on all income"). Petitioner's contentions that the "Secretary of the Treasury cannot identify any law and its implementing regulation that imposes a tax on any of Plaintiff's activities . . . [or] exposing Plaintiff to liability for any tax on his activities," (Dkt. No. 1, ¶¶ 14, 15) fails for want of a valid premise. Sections of the Internal Revenue Code that are sufficiently clear and detailed are self-executing without the need for implementing regulations. *United States v. Hicks*, 947 F.2d 1356, 1360 (9th Cir. 1991); *United States v. Washington*, 947 F. Supp. 87, 91 (S.D.N.Y. 1996); *Watts v. IRS*, 925 F. Supp. 271, 277, 279 (D.N.J. 1996); *Granse v. United States*, 892 F. Supp. 219, 224–25 (D. Minn. 1995); *United States v. Stoecklin*, 848 F. Supp. 1521, 1525–26 (M.D. Fla. 1994); *Stafford v. Commissioner*, T.C. Memo. 1997-50, 1997 WL 30337 at *5 & n.12, *aff'd*, 146 F.3d 868 (5th Cir. 1998) (Table).

Additionally, Petitioner seems to assert that he is immune from taxation on the grounds that the IRS "cannot identify a valid internal revenue district, if such valid internal revenue district exists." (Dkt. No. 1, ¶ 29). Petitioner's argument is likely based on the language of 26 U.S.C. § 6091(b)(1)(A)(i), stating that individual income tax returns shall be filed "in the internal revenue district in which is located the legal residence . . . of the person making the return." *See also* 26 U.S.C. § 7621(a) ("The President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws."). Petitioner implies that because the IRS no longer uses internal revenue districts or district directors, the requirement of filing returns of § 6091 is null and void.

The Secretary of the Treasury is authorized under § 6091(a) to promulgate regulations prescribing "the place for the filing of any return, declaration, statement or other document." Although Internal revenue districts are "now defunct," *Allnutt v. Commissioner*, 523 F.3d 406, 408 n.1 (4th Cir. 2008), the law still requires individuals to file returns either with "any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence . . . of the person required to make the return," or if so instructed, at a specifically-designated internal revenue service center. Treas. Reg. §§ 1.6091-2(a), (c). Accordingly, the argument that the tax return filing requirements of § 6091 are null and void as a result of IRS reorganizations has been dismissed as "patently frivolous." *United States v. Springer*, 2011 WL 5068095 at *2-*3 (10th Cir. 2011); *accord United States v. Barry*, 371 Fed. Appx. 3, 2010 WL 1063837 (11th Cir. 2010) (statutory provision substantially restructuring the internal organization of IRS does not affect filing requirements); *see also United States v.*

1 *Gorman*, 393 F.2d 209, 213-14 (7th Cir. 1968) (addressing an argument that the district court

2 lacked venue because the President allegedly had not established any internal revenue districts

3 under 26 U.S.C. § 7621, and holding that venue was proper in a certain district despite

4 "changes in nomenclature," because "[t]o hold otherwise would mean that no one could be

5 prosecuted for failure to file tax returns anywhere in the United States," and "Congress

6 intended no such ludicrous result").

7       Finally, Petitioner's arguments made to Revenue Agent Gustafson, to the effect that

8 Petitioner is not required to file a federal income tax return, because the instructions and

9 regulations associated with the Form 1040 do not display an OMB control number as required

10 by the Paperwork Reduction Act ("PRA"), has been uniformly rejected by every Court to hear

11 this argument. *See United States v. Neff*, 954 F.2d 698, 699 (11th Cir. 1992) ("Congress created

12 [the taxpayer's] duty to file the Returns in 26 U.S.C. § 6012(a), and nowhere did Congress

13 condition this duty on any Treasury regulation. Congress did not enact the PRA's public

14 protection provision to allow OMB to abrogate any duty imposed by Congress.").

15       (b)    Relevant.

16     The summonses seek banking and financial information related to Petitioner' accounts

17 with Wells Fargo Bank and Members 1st Credit Union. Gustafson Decl. ¶ 14, 15. In order to

18 meet the relevance requirement, the information sought by the Secretary need only be

19 potentially relevant. *Arthur Young*, 465 U.S. at 813-814. Information meets this standard where

20 it "might throw light upon the correctness of [a taxpayer's] tax return." *Id.* at 813. Petitioner's

21 bank account information easily meets this standard, as it will almost certainly shed light on

22                                         10

23

Petitioner' correct income for the 2010-2011 tax years by substantiating the cash flowing into and out of Petitioner's accounts. Gustafson Decl. ¶ 10, 12-13. Therefore, the information sought in the summonses is relevant to the legitimate purpose identified above. Nonetheless, Petitioner implies that the summonses seek irrelevant information because the IRS "has no valid information showing [he] engaged in or engages in any taxable activity." (Dkt. No. 1, ¶ 13). This argument should be rejected for the same reasons described above.

(c)     Not Already in the Service's Possession.

The Service did not possess the documents sought through the summonses issued to Wells Fargo Bank and Members 1st Credit Union when it issued the summonses. Gustafson Decl. ¶ 16. Petitioner does not argue that the Service already possessed the records; thus, Petitioner appears to concede that this factor is met.

(d)     Administrative Steps Followed.

The declaration of a Revenue Agent is sufficient to establish that all administrative steps have been followed by the Service. *Fortney*, 59 F.3d at 120. Revenue Agent Gustafson's declaration states that she followed all administrative steps required by the Internal Revenue Code in issuing the summonses to Wells Fargo Bank and Members 1st Credit Union. Gustafson Decl. ¶ 21. Revenue Agent Gustafson's declaration goes further and outlines the steps she took to issue the summonses and properly serve notice in accordance with 26 U.S. C. §§ 7603 and 7609. Gustafson Decl. ¶ 14, 15, 18. Thus, the United States has presented sufficient evidence to show that the Service followed all required administrative steps in issuing the summonses to Wells Fargo Bank and Members 1st Credit Union.

1    All four components outlined in *Powell* are satisfied, and the United States has met its burden of showing that the summonses are valid. Once the United States has made a *prima facie* case for enforcement of the summons, the taxpayer then bears the "heavy" burden of showing that enforcement would constitute an "abuse of process." See *Action Recycling Inc. v. United States*, 112 A.F.T.R.2d (RIA) 5210, 2013-2 U.S. Tax Cas. (CCH) P50,422, *10 (9th Cir. 2013), (citing *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)). In order to make this showing, the taxpayer must either factually oppose the United States' allegations with respect to the *Powell* factors, or must make sufficient factual allegations to support a defense of bad faith. *Jose*, 131 F.3d at 1328. Allegations supporting a defense of bad faith are insufficient if "only a bald assertion" without "facts or evidence to support this allegation." *Id.* Petitioner has not met this evidentiary burden, and has therefore failed to state a claim upon which relief may be granted.

The summons power granted to the Service is expansive, and is intended to be used in conjunction with the Service's ordinary audit activities. Restrictions on the Service's summons power are to be avoided, absent unambiguous Congressional direction. *See Arthur Young*, 465 U.S. at 816; *Euge*, 444 U.S. at 715. Even under the most generous reading of the allegations in the Petition, Petitioner has failed to allege facts sufficient to disprove the Service's legitimate purpose in issuing the summonses in this case. As a result, Petitioner has failed to carry his evidentiary burden, and the Petition should be dismissed for its failure to state a claim upon which relief may be granted.

//

## CONCLUSION

In sum, the Court should dismiss the Petition with prejudice under Fed. R. Civ. P. 12(b)(6) because Petitioner has failed to state a claim upon which relief can be granted.

Respectfully submitted this 9th day of August, 2013,

        KATHRYN KENEALLY
        Assistant Attorney General

        /s/ Richard A. Schwartz
        RICHARD A. SCHWARTZ
        Trial Attorney, U.S. Dept. of Justice
        PO Box 683, Ben Franklin Station
        Washington, DC 20044
        Tel:  (202) 307-6322
        Fax: (202) 307-0054

        BENJAMIN B. WAGNER
        United States Attorney
        *Of Counsel*
        *Attorneys for the United States of America*

**CERTIFICATE OF SERVICE:**

I HEREBY CERTIFY that service of the foregoing UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITION TO QUASH SUMMONSES has been made on this 9th day of August, 2013 by the Court's CM/ECF system on the following:

>Richard E. Kamp
>1095 Hilltop Drive #325
>Redding, California 96003
>*Petitioner*

>/s/ Richard A. Schwartz
>RICHARD A. SCHWARTZ
>Trial Attorney, Tax Division
>U.S. Department of Justice