

Richard E Kamp
1095 Hilltop Drive #325
Redding, CA 96003
530-941-5121
Pro Se Petitioner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard E. Kamp,<br>    Petitioner,<br>vs.<br>United States,<br>    Respondent, | No: 2:13-mc-0056-TLN-CMK<br><br>Petitioner's Response In Opposition To Respondent's Motion To Dismiss Petition To Quash Summons<br><br>10/09/2013 – 10:00 AM<br>Magistrate Judge Craig M. Kellison |

**Petitioner's Response In Opposition To Respondent's Motion
To Dismiss Petition To Quash Summons**

Petitioner hereby submits this Response to Respondent's Motion To Dismiss the Petition To Quash Summons. This Response is made and based upon the documents on file herein, the Memorandum of Points and Authorities submitted herewith, any exhibits attached hereto, and any oral arguments that the Court may entertain at the hearing for this matter.

**Memorandum Of Points And Authorities**

**I.   Statement Of Facts**

On June 10, 2013, Petitioner timely filed with the Court a Petition To Quash Summons. Dkt. No. 1.. Service of the Petition was sent via certified mail to the third-party record keeper subjects of the summonses, the IRS agent issuing the summonses, and the United States per § 7609. On August 9, 2013, the government filed its Motion To Dismiss. Dkt. No. 7. Petitioner incorporates the facts set forth in his original Petition To Quash Summons as though fully set forth herein, and moves the Court to deny Respondent's Motion and issue an Order granting Petitioner the relief sought in

1

the Petition To Quash for the reasons set forth herein.

## II. Arguments

### A. The Court Should Deny Respondent's Motion For Dismissal under Fed. R. Civ. P. 12(b)(6), And Quash The Summonses, As Petitioner Has Properly Stated A Claim Upon Which Relief May Be Granted.

Rule 12(b)(6) motions are generally viewed with disfavor. Gillligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). Dismissal without leave to amend is proper only in "extraordinary" cases. U.S. v. City of Redwood, 640 F.2d 963, 966 (9th Cir. 1981). Pro Se litigants are not to be held to the same standards as an attorney. Haines v. Kerner, Et Al, 404 U.S. 519 (1972)

> ". . . allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.
> . . . we conclude that he is entitled to an opportunity to offer proof."

When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. Parks Sch. of Bus. Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A party opposing the summons need only be able to come forward with "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." United States v. Stuckey, 646 F.2d at 1372, and the Petition must, at minimum, plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). Petitioner alleges that Respondent acted in bad faith issuing the summonses, and has made numerous other allegations in support of his Petition To Quash Summonses. "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what…the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89 (2007). This has been more than adequately done.

### B. The Court Should Deny Respondent's Motion For Dismissal, And Quash The Summonses, As The Service Of A Summons By Other Than An Appropriately Delegated IRS Employee Is A Violation Of Statutory Procedure And Due Process Rights. Thus, The Summons Is Void.

Revenue Agent Gustafson is conducting an examination into Petitioner's alleged subtitle A, income tax liabilities. Dkt. No. 8 at ¶¶ 3, 4, 10, 11, 17   26 USC § 7608(a) and (b) are the sections of

the tax code showing who has summons authority and for what tax laws they are authorized to enforce. (NOTE: the regulations that control the implementation, administration and enforcement of § 7608 are rules for The Alcohol and Tobacco Tax and Trade Bureau (TTB) activities and are codified at 27 Parts 70, 296) To ascertain the scope of Agent Gustafson's authority, Petitioner asked her for verification of her § 7608 enforcement authority. <u>Dkt. No. 1-1, Exhibit C at ¶¶ 1-3, 5-6</u> To date, Agent Gustafson has not responded and identified herself as one having authority to enforce § 7608 activities.

**B 1.** Agents other than criminal investigators of the Intelligence Division of the Internal Revenue Service, are authorized to enforce subtitle E and other laws pertaining to liquor, tobacco, and firearms. **§ 7608(a)**

> **(a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms**
> Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary is responsible may—
> (1) carry firearms;
> (2) execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;
> . . .

**B 2.** Agents designated as criminal investigators of the Intelligence Division of the Internal Revenue Service, have authority to enforce laws relating to internal revenue other than subtitle E. **§ 7608(b)**

> **(b) Enforcement of laws relating to internal revenue other than subtitle E**
> (1) Any criminal investigator of the Intelligence Division of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).

> (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are—
> (A) to execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;

Agent Gustafson has not responded to Petitioner's request for her § 7608 authority and has not identified herself to be a criminal investigator employed with the Intelligence Division of the Internal Revenue Service.

    B 3.   Agent Gustafson's title is defined as "Revenue Agent". <u>Dkt. No. 8 at ¶1, 3 and Dkt. No. 7-1 at ¶ page 3, lines 4, 9, 19, page 4 lines 7, 10, 12, page 6, line18, page 11, lines 13, 17</u>. The definition of "Revenue Agent" is found nowhere in the IRS Code. However, it is defined in Treasury Regulations at 27 CFR 26.11 (TTB / BATF regulations) - as follows:

> **27 CFR 26.11 - Meaning of terms.**
> . . .
> *Revenue Agent.* **Any duly authorized Commonwealth Internal Revenue Agent of the <u>Department of the Treasury of Puerto Rico</u>.** (emphasis mine)

"Statutory definitions control the meaning of statutory words ... in the usual case." <u>Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198, 201, 69 S.Ct. 503, 93 L.Ed. 611 (1949)</u>. And, "When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning." <u>Stenberg v. Carhart, 530 U.S. 914, 942, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000)</u>. Based on the above, Petitioner asserts Agent Gustafson is not an appropriately delegated IRS employee, lawfully authorized to conduct an examination into Petitioner's private affairs and issue the summonses, and thus they are void.

    **C. The Court Should Deny Respondent's Motion For Dismissal, And Quash The Summonses, As The Service Of A Summons Outside Jurisdictional Authority Is A Violation Of Statutory Procedure And Due Process Rights. Thus, The Summons Is Void.**

Respondent must establish jurisdictional authority and that it appear on the record. <u>Standard v Olson, 74 S.Ct. 768</u>. <u>Hagans v.Lavine, 415 US 533</u>. Jurisdiction cannot be presumed to exist.

*Specia Indem. Fund v Prewitt*, 205 F2d 306, 201 OK. 308. There is an "exclusive jurisdiction of the national government." *Caha v. United States*, 152 US 211. The Constitution is unambiguous about defining where the government is authorized to exercise legislation. *U.S. Constitution: Article 1, Section 8, Clause 17*. There is a section in the Code that shows explicitly where and upon whom the government has jurisdiction to exercise its authority in this matter. To wit: "**internal revenue district**" and "**all persons therein**" at 26 USC § 7601(a)  (Emphasis mine)

> **(a)** General rule — The Secretary shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each **internal revenue district** and inquire after and concerning all persons **therein** who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.

26 USC § 7621 requires the President to establish "internal revenue districts". Executive Order 10289 (See also 26 CFR § 301.7621-1) delegates to the Secretary authority to prescribe **internal revenue districts** for the purpose of administering the internal revenue laws. On September 28, 1995, those internal revenue districts were established as evidenced by the pagination in the Federal Register on October 10, 1995 in Volume 60, No. 195. Enclosed Exhibit B   Petitioner therefore asserts: (1) An internal revenue district is the only place inquiries into any tax imposed by 26 USC shall take place; (2) Nothing has been published in the Federal Register to show that § 7601 has been repealed or revised; (3) Public Law 105–206 did not repeal § 7601 or revise the requirements of § 7601; (4) Agent Gustafson has not proven her inquiry into Petitioner's affairs was within an internal revenue district; (5) Respondent cannot show Petitioner is one therein an internal revenue district, and thus the summonses are void.

### D. The Court Should Deny Respondent's Motion For Dismissal, And Quash The Summonses, As Respondent Has Not Met The Powell Requirements

In *United States v. Powel*, the Unites States establishes its prima facie case by showing that: (1) the IRS issued the summons for a legitimate purpose; (2) The IRS sought information relevant to

that purpose; (3) the IRS did not already possess the information; and (4) the IRS satisfied all the administrative steps. The government has not met the following *Powell* requirements because:

**(1) Legitimate:** The summonses were issued "to determine Petitioner's correct income tax liability." Dkt. No. 7-1 at page 6, line 19. Agent Gustafson has "put the cart before the horse". Assessment of a tax liability cannot exist without first identifying a taxable activity in a place the government has jurisdiction. The IRS has not shown a legitimate purpose pursuant to § 7601 in that they have not identified: (a) any explicit "internal revenue district" pursuant to §7601 as the place for their inquiry of Petitioner; (b) Petitioner's taxable activity, if such activity exists, within said district; and (c) that Petitioner is "therein" said district and therefore, within the Secretary's defined jurisdiction. Respondent attempts to mislead the Court on the subject of the summonses' legitimacy by offering an irrelevant argument that "income from whatever source is taxable" and cites 26 USC § 61. *Id. at* page 8, line 5. Respondent's reference to "source" is frivolous because they can't state with particularity any source of taxable income, pursuant to *26 CFR 1.861-8 – Computation of Taxable Income From Sources Within The Unites States and From Other Sources and Activities, at (f)(1) - Operative section*, attributed to Petitioner's activities. 26 USC § 61 is a definition section. As such, it does not make anyone liable for tax or establish legitimacy for a summons. In response to Petitioner's request for Implementing Regulations that would show a tax imposed on his activities, (Dkt. No. 1-1, Exhibit C at ¶ 2) Respondent replied that "Sections of the Internal Revenue Code that are sufficiently clear and detailed are self-executing without the need for implementing regulations." Dkt. No. 7-1 at page 8, lines 14,15. Petitioner is well within his right to demand proof of a positive law with its enforcement authority. IRC § 7805 requires the Secretary to "prescribe [in the Federal Register] all needful rules and regulations for the enforcement of this title…" The IRS is required to publish all "Substantive rules of general applicability" in the Federal Register. 26 CFR § 601.702(a)(1)(iv). Unless a person has,

> "actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of

of this section which is required to be published in the Federal Register, <u>**such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section. Thus, for example, any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights"**</u>   26 CFR § 601.702(a)(2)(ii)). (emphasis mine)

"The reporting act is not self-executing; it can impose no reporting duties until implementing regulations have been promulgated. <u>United States v. Murphy</u>, 809 F2d 1427, 9th Cir, 1987.

"Because it has a bearing on some of the issues raised by the parties, we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone." <u>California Bankers Assn. v. Schultz,</u> <u>39 L.Ed. 2d 812 at 820</u>

"Only those who violate these regulations may incur civil or criminal penalties, it is the actual regulations issued by the Secretary of the Treasury, and not the broad authorizing language of the statute, which are to be tested against the standards of the Fourth Amendment; and that when so tested they are valid." <u>Ibid.</u> at 830-831

"An individual cannot be prosecuted for violating this Act unless he violates an implementing regulation … The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore, the construction of one necessarily involves the construction of the other."<u>United States v. Reinis, 794 F.2d 506, 508 (9th Cir.1986)</u>.

Respondent again ignores the jurisdictional and procedural issues raised by § 7601 and misleads the Court away from them by attempting to build a bridge to the legitimacy of the summonses' by introducing the irrelevant subject of filing returns. <u>Dkt. No. 7-1 at page 9, line 4 – page 10, line 6</u>.  As Agent Gustafson, he too, places the proverbial cart before the horse. Respondent's reference to filing a return in connection to the summonses' legitimacy is frivolous because he cannot state with specificity and from firsthand knowledge any taxable activity within a specific internal revenue district attributed to Petitioner that may make filing a return required. A filing requirement does not exist where a taxable event has not occurred.  Petitioner had evidence that lead him to believe he was not required by law, as published in the Federal Register, to file a return. <u>Enclosed Exhibit C</u>.  Petitioner

7

personally spoke with the author of Exhibit C herein, and confirmed its contents. Petitioner asked Agent Gustafson if there was a law, as paginated in the Federal Register, requiring him to file a return. Dkt. No. 1-1, Exhibit C at page 2 ¶ 4, Dkt. No. 8-2 at page 3, #7 and Exhibit A herein, at page 3, #7. Respondent omitted Petitioner's Exhibit C herein, as part of Dkt. No. 8-2 even though a true and correct copy of it was provided to Agent Gustafson as referenced by "Enclosures" in Exhibit A herein, and Dkt. No. 8-2 at page 3. To date, Petitioner has not received a response from Agent Gustafson to neither of his requests found in Dkt. No. 1-1, Exhibit C and Dkt. No. 8-2. Petitioner introduced § 7601 for the Court to consider jurisdictional and procedural issues, NOT income or filing requirement matters.

    **(2) Relevant:** The summonses are not relevant because again, Petitioner is not one of the "persons therein" an internal revenue district. Petitioner's bank account information is irrelevant for the same reason and the Respondent can't state with particularity any source, pursuant to 26 CFR 1.861-8 – *Computation of Taxable Income From Sources Within The Unites States and From Other Sources and Activities*, at *(f)(1) - Operative section*, attributed to Petitioner's activities within an internal revenue district. Respondent has no personal knowledge, other evidence, or reasonable cause, to suspect Petitioner is involved with any of the § 1.861-8 sources of taxable income that may require filing a return. They cannot just go on a "fishing expedition" based on presumptions and assumptions.

    **(3) Satisfied all the administrative steps:** The IRS failed to meet this requirement because, as already discussed above, the summonses were not issued and served by one having the authority as delineated in § 7608 and who subsequently inquired within an internal revenue district.

    Respondent would have the Court believe that Agent Gustafson's testimony "provides ample evidence of the United States' good faith." Dkt. No. 8-2. at page 6, lines 8,9. To the contrary - it shows bad faith in that she attempts to prejudice the court by mischaracterizing Petitioner as uncooperative and some kind of tax protester. Dkt. No. 8 at ¶ 12. A credible witness competent to

testify must have personal knowledge for what they attest to. Fed. R. Evid. 602. Agent Gustafson is not competent to testify with respect to: (1) Petitioner's occupation, Dkt. No. 8 at ¶5; (2) whether or not any of the companies listed made payments to Petitioner. *Ibid.* Any evidence of payments she may have is strictly heresay; (3) whether or not Petitioner received the payments she alleges he did. *Ibid.* Any evidence she may have is heresay; and (4) whether or not the alleged payments were either income, reportable, taxable, non-taxable under Treas. Reg. § 1.312-6(b), exempt under Treas. Reg. § 1.265-1(d), or excluded by law per Treas. Reg. § 1.61-1. Agent Gustafson has no firsthand, personal knowledge regarding these matters. She is not a CPA, tax attorney, judge, expert witness or one competent to make the conclusions she does. Her presumption that Petitioner had income that should be reflected on a tax return, *Id.* at ¶3, is operating in absence of proof of both claims. Assessments, filing requirement and tax liability are predicated on the fact that a taxable event or activity which, Respondent has failed to show Petitioner's involvement in, occurred first.

### E. The Court Should Deny Respondent's Motion For Dismissal, And Quash The Summonses, Because Of The Doctrine Of Laches

Petitioner is prejudiced by the government not exposing their authority by answering the questions in Dkt. No. 8-2 and Dkt. No. 1-1, Exhibit C. They have "slept on their rights" and now the government asks for relief through dismissal which, should be denied because Petitioner relied on their silence to bring this action. They cannot now allege the elements of their authority. Their silence confirms their lack of good faith in dealing with Petitioner. It equates to fraud upon the Petitioner. Thus, the summonses are void.

> "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities." *U.S. v. Tweel*, 550 F.2d 297, 299. See also *U.S. v. Prudden*, 424 F.2d 1021, 1032; *Carmine v. Bowen*, 64 A. 932.

"Fraud destroys the validity of everything into which it enters," *Nudd v. Burrows, 91 US 426 (1875)*

### F. The Court Should Deny Respondent's Motion For Dismissal, And Quash The Summonses, Because The Income Tax Is Not A Subject Within The Administrative And Enforcement Authority Of Sections 7601-7606 And Sections 7608 - 7610.

The implementing regulations that control the application of the statutes at 26 USC 7601 - 7606 and 7608 - 7610 are found in 27 CFR, Parts 24, 25, 29, 40, 41, 44, 45, 46, 70, 270, 275, and 296, **all of which, are Alcohol and Tobacco Tax and Trade Bureau rules and regulations**. U.S. Government Printing Office website, http://www.gpo.gov/help/parallel_table.pdf at page 844. "For federal tax purposes, federal regulations govern." *Lyeth v. Hoey, 305 US 188, 59 S. Ct 155* "...failure to adhere to agency regulations may amount to a denial of due process if the regulations are required by constitution or statute." *Arzanipour v. Immigration and Naturalization Service, 866 F. 2d 743 746 (5th Cir. 1989)* Petitioner is not one made liable for any tax imposed by 26 USC sections that are administered and enforced by The Alcohol and Tobacco Tax and Trade Bureau through any of the afore mentioned 27 CFR parts and controlling regulations for 26 USC sections.

### III. Conclusion

For the foregoing reasons, Petitioner moves the court to deny Respondent's Motion To Dismiss in its entirety and grant Petitioner an Order as detailed in his Petition To Quash Summons.

Date: September 10, 2013

*[signature]*

Richard E. Kamp, Petitioner

Attachments:

1. Copy of Petitioner's Affidavit In Support of Memorandum in Opposition To Respondent's Motion To Dismiss.
2. Exhibit A: Copy of May 13, 2013 correspondence to Agent Gustafson for assistance.
3. Exhibit B: Copy of Federal Register / Vol. 60, No. 195 / Oct. 10, 1995 / pages 52726, 52727.
4. Exhibit C: Copy of Letter from Michael L. White, Attorney, Office of the Federal Register.