KATHRYN KENEALLY
Assistant Attorney General

RICHARD A. SCHWARTZ
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 683, Ben Franklin Station
Washington, DC 20044
Tel:     202-307-6322
Fax:    202-307-0054
Richard.A.Schwartz@usdoj.gov

BENJAMIN B. WAGNER
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. KAMP,<br><br>     Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | No. 2:13-mc-0056-TLN-CMK<br><br>UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PETITION TO QUASH SUMMONSES |

The United States, by and through its undersigned counsel, hereby submits this Reply in Support of its Motion to Dismiss Petition to Quash Summons

Petitioner's allegations amount to no more than conclusory allegations that the IRS "acted in bad faith issuing the summons," (Dkt. #13, p. 2) premised on the notion that the IRS and its employees do not have the power to issue administrative summonses because Petitioner has not engaged in any "taxable activity." Petitioner asserts that the Internal Revenue Code's

definition of income "does not make anyone liable for tax or establish legitimacy for a summons," (*id*. at p. 6), and therefore the IRS could not have issued administrative summonses in good faith. These conclusions are simply wrong.

Petitioner's faulty logic partially rests on the misapprehension that 26 U.S.C. §§ 7601 and 7608 are the only provisions governing the issuance of administrative summonses. (*See* Dkt. # 13, pp. 3-4, 6.) However, it is well settled that 26 U.S.C. § 7602(a) authorizes the Secretary to examine books, papers, records, or other data, to issue summonses, and to take testimony for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." *See United States v. Euge*, 444 U.S. 707, 710-11 (1980).

Instead, Petitioner argues that there are no internal revenue districts, and from that premise concludes that the IRS cannot exercise any authority to issue a summons as to him or his income-producing activities on the grounds that he is not inside such an internal revenue district. Rather than impose upon the IRS a requirement to determine specifically who is in a revenue district for federal tax purposes, 26 U.S.C. § 7601 gives the IRS "a broad mandate to investigate and audit 'persons who may be liable' for taxes." *See United States v. Bisceglia*, 420 U.S. 141, 145 (1975). Indeed, Petitioner's argument has been uniformly rejected. *See, e.g., United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (*en banc*); *U.S. v. Derr*, 968 F.2d 943, 946-47 (9th Cir. 1992) (rejecting argument that IRS Revenue Agent lacked delegated

2

authority to issue summonses); *Wilde v. U.S.*, 385 F. Supp. 2d 966, 968 (D. Ariz. 2005) ("Challenges to this delegation of authority have been consistently rejected."); *U.S. v. Sanders*, 110 A.F.T.R.2d 5913, *3 (S.D. Ill. 2012) (holding that the argument that "the IRS lacks authority to enforce its summons based upon an alleged lack of internal revenue districts and district directors who would be authorized to issues summonses" "is without merit"). There is no shortage of cases in which the Courts have found that the IRS has authority to issue and enforce summons, even after Internal Revenue Districts were abolished by the Internal Revenue Service Restructuring and Reform Act of 1998. *See, e.g., Action Recycling Inc. v. United States*, 721 F.3d 1142, 1145 (9th Cir. 2013); *Stewart v. United States*, 511 F.3d 1251, 1254-55 (9th Cir. 2008); *Mazzarerro v. United States*, 107 A.F.T.R.2d 2011-910 (N.D. Cal. 2011); *Talbot v. United States*, 108 A.F.T.R.2d 2011-5309 (D. Ariz. 2011).

By the same token, Petitioner's arguments regarding publication in the federal register do not entitle him to any relief. In *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990), the Court held that the argument that "the Internal Revenue Service has no power to impose levies because orders delegating such power were not published in the Federal Register as required by law," was frivolous. After reciting several arguments that are completely lacking in legal merit and patently frivolous, the Tenth Circuit Court of Appeals in *Lonsdale* went on to explain:

> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue Service and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication or

3

delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Id*. at 1448.

Petitioner's Petition should be dismissed because the United States has satisfied the *Powell* factors through the introduction of the Declaration of Revenue Agent Landon Gustafson (Dkt. #8). Petitioner has not rebutted or otherwise contradicted any of the *Powell* factors through his recitation of legally frivolous arguments regarding whether or not he should be subject to taxation. First, Revenue Agent Gustafson acted with a legitimate purpose in attempting to ascertain Petitioner's correct tax liabilities for the tax years 2010 and 2011. *See* 26 U.S.C. § 7602(a); *Holland v. United States*, 348 U.S. 121 (1954). Second, the challenged summonses seek banking and financial information that would be relevant to ascertaining Petitioner's correct tax liabilities for the tax years 2010 and 2011. *See DiLeo v. Commissioner*, 96 T.C. 858, 867 (1991), *aff'd* 959 F.2d 16 (2d Cir. 1992). Third, Petitioner does not dispute that this information was not already in the possession of the IRS. Fourth, Petitioner's arguments that the summonses were not "issued and served by one having the authority as delineated in § 7608 and who subsequently inquired within an internal revenue district," (Dkt. # 13, p. 8), are frivolous for the same reasons described above. Indeed, all administrative steps were followed, and Petitioner's conclusory allegations to the contrary do not satisfy his burden to rebut the *prima facie* case established by the United States. As a result, this action should be

//

4

dismissed.

Respectfully submitted this 30th day of September, 2013,

        KATHRYN KENEALLY
        Assistant Attorney General
        <u>/s/ Richard A. Schwartz</u>
        RICHARD A. SCHWARTZ
        Trial Attorney, U.S. Dept. of Justice
        PO Box 683, Ben Franklin Station
        Washington, DC 20044
        Tel:  (202) 307-6322
        Fax: (202) 307-0054

        BENJAMIN B. WAGNER
        United States Attorney
        *Of Counsel*
        *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PETITION TO QUASH SUMMONSES has been made on this 30th day of September, 2013 via U.S. Mail addressed to the following:

Richard E. Kamp
1095 Hilltop Drive #325
Redding, California 96003
*Petitioner*

/s/ Richard A. Schwartz
RICHARD A. SCHWARTZ
Trial Attorney, Tax Division
U.S. Department of Justice