IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. KAMP, | No. 2:13-mc-0056-TLN-CMK |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, proceeding in this action in propria persona, brings this action to quash summonses issued by the Internal Revenue Service (IRS). Pending before the court is respondent's motion to dismiss (Doc. 7). Petitioner filed his opposition to the motion (Doc. 13) and respondent filed a reply brief (Doc. 14). At the hearing on the motion, October 9, 2013, the undersigned took the matter under submission.

**I.    BACKGROUND**

This is a pro se civil case wherein the petitioner is attempting to quash a third party summons the IRS issued to two banks in an attempt to obtain petitioner's bank records. According to the Petition to Quash, petitioner received notice that the IRS issued the summons to Members 1st Credit Union and Wells Fargo Bank on or about May 20, 2013. Petitioner contends

1

the summons do not purport to identify any tax or any relationship to any taxable activity as to petitioner's activities.

## II. MOTION TO DISMISS

Respondent brings this motion to dismiss on the grounds that petitioner fails to state a claim. Respondent argues petitioner's petition is based on frivolous arguments, such as being immune from taxation and that he is not required to file a federal income tax return, and is supported by only conclusory allegations. In addition, respondent contends that all necessary procedures were followed, and there is no basis for granting a motion to quash.

In opposition to the motion, petitioner argues he alleged the IRS acted in bad faith, which is sufficient to state a claim, that the service of the summons was done in violation of statutory procedures, was served outside jurisdictional authority, that respondent has not met the procedural requirements, the doctrine of laches applies, and the IRS acted beyond its authority.

The IRS has broad investigatory powers under the Internal Revenue Code. See 26 U.S.C. §§ 7601–7613. Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." United States v. Arthur Young & Co., 465 U.S. 805, 813-15 & n. 11 (1984); see also David H. Tedder & Assoc., Inc. v. United States, 77 F.3d 1166, 1169 (9th Cir.1996).

Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses issued under authority of the United States." Section 7602 provides the IRS is not limited to issuing summonses to taxpayers under investigation and is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information relevant

and material to inquiry. 26 U.S.C. § 7602(a)(2). A summons may be directed to almost anyone. See, e.g., Chen Chi Want v. United States, 757 F.2d 1000, 1002 (9th Cir.1985) (statute provides IRS with "broad powers to summon information relevant to determining the liability of any taxpayer.") The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS." Arthur Young & Co., 465 U.S. at 814.

A "special procedure" is provided under section 7609 for third-party summonses. Under section 7609(a)(1), a summons may be issued to a third party (not the taxpayer) and which requires the third party to give "testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code ... with respect to, any person (other than the person summoned) who is identified in the summons ..." Section 7609(a)(1) further provides that "notice of the summons shall be given to any person so identified." The statute further provides that "[s]uch notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the rights under subsection (b)(2) to bring a proceeding to quash the summons." 26 U.S.C. § 7609(a)(1). Under section 7609(b)(2)(A), the right to challenge a summons is given to "any person who is entitled to notice of a summons under subsection (a)." (Emphasis added.) When an IRS summons is issued to a third party record keeper, the taxpayer, as a person "entitled to notice of a summons" under section 7609(a) has twenty days from the date of notice to bring a proceeding to quash the summons. 26 U.S.C. § 7609(b)(2)(A); Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir.1985).

To defeat a petition to quash, or alternatively to enforce a summons, the government must establish a prima facie case of good faith by showing (1) that the investigation is conducted for a legitimate purpose; (2) that the material sought is relevant to that purpose; (3) that the IRS is not already in possession of the material sought; and (4) and that the IRS has complied with the applicable administrative requirements. Crystal v. United States, 172 F.3d 1141, 1143–44 (9th Cir.1999) (citing United States v. Powell, 379 U.S. 48, 57–58 (1964)). The

government's burden to establish a prima facie case of good faith is a "slight one" that is typically made through the introduction of the sworn declaration of the revenue agent who issued the summons.  Fortney v. United States, 59 F.3d 117, 120 (9th Cir.1995).  Once a prima facie case is made, a "heavy burden" is placed on the taxpayer to show an abuse of process or lack of institutional good faith. Id.

Here, petitioner does not challenge whether the Powell requirements were met in his petition.  Rather, he challenges the summonses issued to the extent they do "not purport to identify any taxable activity or privilege . . . pertaining to Plaintiff" nor do the summons "identify any tax . . . related to Plaintiff's activities."  (Pet. to Quash, Doc. 1, at 3-4).  Petitioner further contends in his petition that the IRS agent did not have the authority to serve the summonses.  None of these arguments are relevant to the four Powell requirements the IRS is required to comply with.  Respondent therefore argues the petition fails to state a claim.  Even if the court was to look at the merits of the motion to quash, however, the outcome would be the same.

The respondent contends, as supported by Revenue Agent Gustafson's declaration, that the IRS is conducting the investigation in to petitioner's tax liability due to his failure to file a federal income tax for the tax years 2010 and 2011, for which 1099s were issued to him.  This is an investigation conducted for the legitimate purpose of determining petitioner's correct income tax liability for those years.  Next, the material sought is relevant to that investigation, in that the bank records may show the cash flow, indicating taxable income.  As respondent argues, the information sought need only be potentially relevant, and the bank records meet this standard. See United States v. Arthur Young & Co., 465 U.S. 805, 813-14 (1984).  Respondent further contends the IRS does not currently possess the documents sought through the summonses, nor does petitioner contend otherwise.  Finally, respondent argues all administrative steps have been followed, as set forth in Agent Gustafson's declaration.

Respondent has met its initial burden in establishing a prima facie case of good faith.  Thus, the burden is on petitioner to show an abuse of process or bad faith.  While petitioner

states the IRS acted in bad faith, that conclusory statement is unsupported. Many of petitioner's arguments are irrelevant to the issue before the court. Petitioner's argument that Agent Gustafson acted without authority is belied by her declaration. His argument as to the lack of jurisdictional authority and enforcement authority is contrary to the case and statutory law discussed above.

### III. CONCLUSION

It appears that petitioner does fail to state a claim in his petition. His challenges to the summonses issued do not have a proper basis. Looking into the merits of the motion to quash, the respondent shows all of the Powell requirements were met. Thus, upon a motion to enforce the summonses, it would be recommended that such a motion would be granted. No such motion is before the court. Instead, the respondent requests the court dismiss the motion to quash. As there are no grounds for allowing an amended petition to be filed, it is recommended the motion to dismiss be granted.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 7) be granted and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE